PER CURIAM.
The husband appeals from an order denying his motion for modification of child support.
The final judgment of dissolution was entered March 23, 1979, at which time the court ordered appellant to pay $100 per week child support. In September, 1979, appellant filed his petition for modification. At the hearing thereon before the trial judge who entered the final judgment of dissolution appellant contended the manner in which his compensation was paid had changed and was somewhat reduced. After hearing the testimony of the parties the trial judge commented:
“I got the distinct impression that the way this fellow operated, that he had more income than he would lead you to believe * * * *
At this point, I just have the impression that his position hasn’t changed that much since the day I made the order.”
It appears to us from the record that there were some conflicts regarding the extent, if any, of the alleged change in circumstances. The petition to modify was heard by the same trial judge who entered the final judgment of dissolution and the record clearly indicates he had some defi *1329 nite impressions about the appellant and his circumstances. Thus, to disturb this order would be a classic case of substituting our judgment for that of the trial judge should we fail to accept his determination of the issue.
Accordingly, the order appealed from is affirmed.
AFFIRMED.
DOWNEY, GLICKSTEIN and HURLEY, JJ., concur.